[Cite as *Arnett v. Ohio Dept. of Transp.*, 2011-Ohio-6960.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID ARNETT

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-07397-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} Plaintiff, David Arnett, filed a complaint against defendant, Department of Transportation (ODOT), alleging that he suffered damage to two tires and rims on his vehicle, as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 13. Plaintiff recalled the incident occurred on May 4, 2011, at approximately 2:00 a.m. Plaintiff seeks damages in the amount of $1,499.06, the stated replacement cost for two tires and wheels. The filing fee was paid.

{¶2} Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the city of Mansfield and not ODOT bears the maintenance responsibility for the roadway where plaintiff's incident occurred. In support of the request to dismiss, ODOT stated, "[d]efendant has performed an investigation of this site and this area on SR 13 falls under the maintenance jurisdiction of the City of Mansfield." ODOT further stated, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant." Consequently, defendant contended the city of Mansfield is the proper party defendant to plaintiff's action. The site of the damage-

causing incident was located in the city of Mansfield.

{¶3}  Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶4}  Ohio Revised Code Section 5501.31 in pertinent part states:

{¶5}  "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶6}  The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.



Court of Claims of Ohio

DAVID ARNETT

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2011-07397-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David Arnett
234 Malone Road
Mansfield, Ohio  44907

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

9/1
Filed 9/13/11
Sent to S.C. reporter 1/27/12